UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUDDLESTON; MARILYN HUDDLESTON; and HELEN HAZEL,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION aka FREDDIE MAC; PLAZA HOME MORTGAGE, INC.; WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-00520-KJM-CMK<br><br>ORDER |

Defendants Federal Home Loan Mortgage Corporation (Freddie Mac) and Wells Fargo Bank, N.A. (Wells Fargo) removed this case to this court. Plaintiffs now move to remand. For the reasons explained below, the court GRANTS plaintiffs' motion.

/////

/////

1

I.   BACKGROUND

Plaintiffs Helen Hazel, Robert Huddleston, and Marilyn Huddleston filed a complaint in the Superior Court of the State of California, County of Tehama, alleging eleven claims relating to the foreclosure of their home: (1) violation of the security first rule, Cal. Code Civ. P. § 726(a); (2) breach of contract; (3) wrongful foreclosure; (4) quiet title; (5) slander of title; (6) cancellation of instruments; (7) promissory estoppel; (8) intentional misrepresentation; (9) fraud; (10) breach of fiduciary duty; and (11) declaratory relief. *See generally* Compl., ECF No. 1. Plaintiffs are California citizens. *Id.* ¶¶ 1–2.

Defendants Freddie Mac and Wells Fargo removed the case to this court based on diversity jurisdiction. ECF No. 1. Freddie Mac is a Virginia citizen; Wells Fargo is a South Dakota citizen; and Plaza Home Mortgage (Plaza) and Cal-Western Reconveyance (Cal-Western) are California citizens. *Id.* at 3–5.

Shortly after removal, Wells Fargo moved to dismiss plaintiffs' complaint. ECF No. 3. Before responding to the motion, plaintiffs moved to remand, asserting this court lacks subject matter jurisdiction due to the absence of complete diversity. *See* Pls.' Mot. Remand, ECF. No. 4. Defendant Wells Fargo filed an opposition, Opp'n, ECF No. 8, and plaintiffs filed a reply, Reply, ECF No. 14.

II.   LEGAL STANDARDS

A defendant may remove an action to the district court that embraces the place the action is pending. 28 U.S.C. § 1441. After removal, a plaintiff can challenge the subject matter jurisdiction of the federal court and move to remand on the ground that there is no diversity of citizenship. *Kaufman v. General Ins. Co. of America*, 192 F. Supp. 238, 239 (S.D. Cal. 1961). The removal statute is strictly construed and doubts regarding the court's jurisdiction are resolved in favor of remand. *Luther v. Countrywide Home Loans S, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th

Cir. 1998), *abrogated on other grounds by Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).[1]

III. DISCUSSION

A. Legal Principles

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and then seek to persuade the district court that the non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A non-diverse defendant is fraudulently joined if the removing defendant can show that "the plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Id.* "Fraudulent joinder is a term of art"; "[i]f the plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent." *Id.*. Fraudulent joinder "does not require a finding of fraudulent intent; rather, fraudulent joinder exists if, whatever the plaintiffs' motive, their claim against an in-state defendant has no chance of success." *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent. *McCabe*, 811 F.2d at 1339.

Here, plaintiffs allege complete diversity does not exist because both Plaza and Cal-Western are California citizens. Mot. to Remand at 7; Compl. ¶¶ 21–22. Wells Fargo alleges Plaza and Cal-Western are fraudulently joined defendants whose citizenship should be ignored

---

[1] Although *Gaus* prescribes a "strong presumption" against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the Supreme Court has recently questioned "whether such a presumption is proper in mine-run diversity cases" such as this one. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (finding, at least for cases brought under the Class Action Fairness Act, no antiremoval presumption).

3

for jurisdictional purposes. Opp'n at 1. Because the court concludes Cal-Western is a proper defendant in this case, complete diversity is lacking, and plaintiffs' motion to remand is GRANTED.

### B. Cal-Western is a Proper Defendant

Wells Fargo alleges Cal-Western is a nominal, and thereby fraudulently joined, defendant because allegations against Cal-Western concern its administrative role as a trustee under the deed of trust. Opp'n at 3. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A nominal or fraudulently joined defendant is one "who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).

As a trustee, Cal-Western may be statutorily privileged from suit under California Civil Code § 2924 for its purportedly administrative role in plaintiffs' foreclosure. *See* Cal. Civ. Code § 2924; *see also Kachlon v. Markowitz*, 168 Cal.App.4th 316, 334 (2008) (under Cal. Civ. Code § 2924(d), "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, [are] privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1)"). An exception to this privilege is an allegation of malice, where the "mailing, publication, and delivery of notices" was "motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon*, 168 Cal. App.4th at 336.

Here, Wells Fargo contends Cal-Western conduct is privileged because it merely recorded foreclosure-related documents and conducted the trustee's sale. Opp'n at 3. But plaintiffs aver and allege more than this, and the additional showing gives rise to a plausible

4

finding of malice. Specifically, in a declaration[2] filed in support of plaintiffs' motion, plaintiffs stated in an attempt to prevent foreclosure proceedings, they wrote to Cal-Western and asked for the "exact amount of money needed to bring the mortgage back in good standing." Huddleston Decl. ¶ 7, ECF No. 6. Cal-Western did not provide the answer. *Id.* Plaintiffs also stated during the foreclosure process, Cal-Western's auctioneer stood on the courthouse steps to auction off the property. *Id*. ¶ 8. However, with neither notice to plaintiffs nor announcement to the public, Cal-Western's auctioneer changed the date of the auction several times, and eventually succeeded in selling the property without plaintiffs' knowledge. *Id.* ¶ 9(b). In doing so, Cal-Western failed to record and make available for inspection the reason for each and every continuance. *Id*. ¶ 9(c). This lack of knowledge, plaintiffs state, denied them the opportunity to prevent the foreclosure of their property. *Id.* ¶ 8. Additionally, in their complaint, plaintiffs alleged "[d]efendants, and each of them, knowingly and willfully conspired, and engaged in a common enterprise, and engaged in a common course of conduct to accomplish wrongs complained of herein." Compl. ¶ 11.

These averments and allegations, considered together, provide a plausible showing of malice. *See, Natividad v. Ocwen Loan Servicing, LLC*, 14–01670, 2014 WL 6611054, at *4 (E.D. Cal. Nov. 19, 2014) (plaintiffs could allege non-privileged malice by showing defendants were notified of plaintiffs' attempt to modify mortgage loan before defendants filed notice of default); *Smith v. Quality Loan Serv. Corp.*, No.11–2108, 2012 WL 202055, at *3 (E.D. Cal. Jan. 23, 2012) (plaintiff adequately alleged malice stating generally that "defendants made false representations 'with full knowledge' of their falsity."). The court finds Cal-Western to be a properly joined non-diverse defendant; plaintiffs' motion is GRANTED.

IV.     CONCLUSION

For the forgoing reasons, this court GRANTS plaintiffs' motion to remand. Accordingly, Wells Fargo's motion to dismiss is DENIED as MOOT.

This resolves ECF Nos. 3 and 4.

---

[2] In assessing a motion to remand, a court may look to a party's declaration filed in support of the motion. *See Prime Healthcare Servs. – Shasta, LLC v. Allstate Ins. Co.*, No. 16–01363, 2016 WL 5944096, at *1 (E.D. Cal. Oct. 13, 2016).

5

1         IT IS SO ORDERED.

2     DATED:  August 22, 2017.

                                        _____
                                        UNITED STATES DISTRICT JUDGE